IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NERY JEREZ-TOCO,

    Petitioner,

v.

WARDEN TRACY JOHNS; GEO GROUP, INC.; GEORGE ZOLEY; and CHARLES SAMUELS,[1]

    Respondents.

CIVIL ACTION NO.: 5:16-cv-77

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nery Jerez-Toco ("Jerez-Toco"), who is incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 11.) For the reasons which follow, I **RECOMMEND** the Court **DENY** Jerez-Toco's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Jerez-Toco leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Jerez-Toco pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, in the Western District of Pennsylvania on April 2, 2014. (Doc. 11-1, p. 11.) He was sentenced to 70 months' imprisonment, (id. at p. 12), and his sentence was later reduced to 60 months' imprisonment based on an amendment to the United

---

[1] The only proper respondent in a Section 2241 case such as this is the petitioner's immediate custodian– the warden of the facility where the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). Accordingly, Warden Tracy Johns is the only proper Respondent in this Section 2241 action. Therefore, the Court should **DISMISS** the remaining Respondents.

States Sentencing Guidelines, (doc. 11-1, p. 18). Jerez-Toco has a projected release date of January 28, 2018, via good conduct time release. (Id. at p. 9).

In his Petition, Jerez-Toco states he is challenging the Bureau of Prisons' ("BOP") denial of his request to be transferred to a facility within 500 miles of his residence in Los Angeles, California. (Doc. 1, p. 2.) Jerez-Toco maintains he does not have an Immigration and Customs Enforcement ("ICE") detainer lodged against him, and thus, it is within the BOP's discretion to grant him his requested transfer. (Id.)

Respondent contends the BOP assigned Jerez-Toco with a public safety factor ("PSF") of deportable alien, which was applied because he is not a citizen of the United States and is subject to deportation at the end of his sentence.[2] (Doc. 11, p. 1.) Respondent alleges the application of a PSF does not require, as a condition precedent, the existence of a lodged detainer. In addition, Respondent asserts the BOP properly determined that D. Ray James Correctional Facility meets Jerez-Toco's programming and security requirements, and Jerez-Toco's Petition should be dismissed for lack of jurisdiction[3] and because his Petition is without merit. (Id. at p. 2.)

---

[2] The BOP defines a PSF "as relevant factual information regarding the inmate's current offense, sentence, criminal history, or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." (Doc. 11-1, p. 3.) The PSF of "deportable alien" applies to all "long-term detainees" who are not citizens of the United States. (Id. at p. 34.) This PSF does not apply "or shall be removed when . . . ICE or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings." (Id.)

[3] It appears that Section 2241 is the proper vehicle in which to bring this cause of action. United States v. Saldana, 273 F. App'x 845, 846 (11th Cir. 2008) ("This Court has considered an attack by a federal prisoner on his place of confinement to be relief sought pursuant to 28 U.S.C. § 2241.") (citations omitted); Divito v. Wells, No. CV311-005, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011) (considering the merits of an equal protection claim brought pursuant to Section 2241).

2

**DISCUSSION**

**I.     Whether Jerez-Toco is Entitled to a Transfer**

A prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. See Olim v. Wakinekona, 461 U.S. 238, 245–47 (1983); Meachum v. Fano, 427 U.S. 215, 223–25 (1976). Instead, 18 U.S.C. § 3621(b) provides the BOP with broad discretion to choose the location of an inmate's imprisonment. Pritchett v. United States, No. 3:10cv422, 2012 WL 2568094, at *2 (N.D. Fla. May 25, 2012). In designating the place of an inmate's imprisonment, the BOP shall consider:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The BOP also "may direct the transfer of a prisoner from one penal institution to another." Id. The BOP promulgated Program Statement 5100.08 to guide its exercise of discretion in determining when an inmate is entitled to be transferred.

In this case, Jerez-Toco is seeking a "nearer release transfer", which would "move the inmate closer to [his] legal residence or release destination, consistent with [his] security level." (Doc. 11-1, p. 41.) However, BOP policy does not "create a right to a nearer release transfer, and such decisions are within the discretion of the BOP." (Doc. 11-1, p. 4.) An inmate having,

3

*inter alia*, "an ICE detainer for a hearing will not be transferred for nearer release purposes since [he] will be returning to the community outside, rather than inside, the United States upon release." (Id.) Jerez-Toco's PSF of deportable alien "was a factor in the BOP's discretionary decision to designate him to D. Ray James [Correctional Facility]." (Id.)

The BOP exercised its broad discretion and determined Jerez-Toco is not eligible for a nearer release transfer, pursuant to Program Statement 5100.08. There being no evidence or even more than a conclusory assertion that the BOP abused its discretion by denying a nearer release transfer, Jerez-Toco is not entitled to his requested relief. Consequently, the Court should **DENY** Jerez-Toco's Petition on this basis.

To the extent Jerez-Toco attempts to state a claim that he has a constitutional right to be transferred to a facility closer to his family members, such a claim must fail. To be clear, a prisoner has no due process or liberty interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 224; Gonzalez v. Doe, No. 3:09-CV-671, 2009 WL 1704248 (N.D. Tex. June 15, 2009) (collecting cases); Franco v. Bureau of Prisons, No. Civ. A. 05-5077, 2006 WL 1207976 (D.N.J. Apr. 28, 2006). The Court should **DENY** Jerez-Toco's Petition on this basis, as well.

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Jerez-Toco leave to appeal *in forma pauperis*. Though Jerez-Toco has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that

the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Jerez-Toco's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Jerez-Toco's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Jerez-Toco leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Jerez-Toco and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA